197 So.2d 464

**Billy Wayne BLACKWOOD**

v.

**STATE.**

**7 Div. 868.**

Court of Appeals of Alabama.

March 28, 1967.

Wm. P. Powers, III, Talladega, for appellant.

Richmond M. Flowers, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Talladega County on August 11, 1966, on two counts; count one alleging that appellant did take or attempt to take immoral, improper, or indecent liberties with a female child under sixteen years of age, with intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of appellant; and count two alleging that appellant did commit or attempt to commit lewd or lascivious acts upon or with the body, or a part of the body of a female child, under the age of sixteen years with an intent of arousing, appealing to or gratifying the lust or passions or sexual desires either of said child or of appellant.

Appellant entered, through his court-appointed counsel, a plea of not guilty and following a trial by jury was found guilty of indecent molestation of a female child under the age of sixteen years. Appellant was subsequently sentenced to a term of four years in the State penitentiary as punishment therefor, and it is from the judgment imposing this sentence that he makes this appeal.

The evidence reveals that appellant and his wife were furnished room and board in the home of Mrs. Roberta Hurst and were paid $10.00 a week in return for keeping Mrs. Hurst's children, including the alleged victim. Mrs. Hurst testified that when she returned from work on July 15, 1966, she found appellant's half-sister keeping the children and was told by her that appellant and his wife had left for Texas.

The following afternoon Mrs. Hurst stated that she discovered bruises on her seven year old daughter, the alleged victim, and asked her about them. She said that her daughter refused to reply until she threatened to "whip her", then told her that appellant had caused the injuries.

The child testified that appellant, at about 5:30 or 6:00 in the morning after her parents had left for work, had slapped and choked her and assaulted her by inserting his penis into her rectum.

Appellant's first contention is that the trial court erred in refusing to exclude the testimony of appellant's sister, Connie Sue Murphy, on the grounds that it was shown not to be of her own personal knowledge.

We have carefully studied the entire testimony of this witness, which included direct

examination, cross-examination and re-direct examination, and after considering such testimony in its import, it is our opinion that there was no merit in the contention of the appellant that this testimony should have been excluded by the lower court because it was hearsay.

Appellant's second contention is that the trial court erred in overruling his motion to a mistrial based on the prejudicial effect of repeated attempts to introduce other incidents and crimes of a sexual nature with the same child and with another child at times remote to the offense.

The record reveals that two such questions were asked and that both times the objection of appellant was sustained by the court and such evidence was not admitted.

Appellant's third and last contention is that it was error for the court to admit Exhibits 2 and 3, photographs portraying injuries on and about the child's face and neck, because such photographs were not properly authenticated. Appellant states that it was never established by the State that the injuries did not exist prior to the alleged act.

When appellant's counsel objected to the admission of Exhibits 2 and 3, the court ruled that he would allow the use of the photographs with the understanding that the State would recall the child and "connect it up." The State then recalled the child and asked her whether she had received any injuries to her face or about her face since her attack by appellant and the child stated that she had not. She then stated that the injuries depicted in the photographs were inflicted on her by appellant. After this authentication, the court then properly admitted the photographs into evidence.

We have carefully read the record and find no error therein.

This cause is due to be and the same is hereby

Affirmed.